UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH, | No. 2:15-cv-0979 GEB DB P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER SERGENT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On February 8, 2016, defendant filed a motion to have plaintiff deemed a vexatious litigant and to require plaintiff to post security to proceed with this action. For the reasons stated below, this court denies defendant's motion.

The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); see also Fink v. Gomez, 239 F.3d 989 (9th Cir. 2001) (recognizing court's inherent power to sanction willful or reckless conduct when combined with either frivolousness, harassment, or improper purpose). However, such pre-filing orders are an extreme remedy and should rarely be used since these sanctions can tread on a litigant's right of access to the courts. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057–58 (9th Cir. 2007); see also Weissman, 179 F.3d at 1197. In determining the basis

upon which the court may require a litigant to post security, this court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants...." Local Rule 151(b).  These provisions of California law provide that "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security." Cal. Civ. Proc. Code § 391.1.

Under California law, a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been ... finally determined adversely to the person...." Cal. Civ. Proc. Code § 391.  While Local Rule 151(b) directs the court to look to state law for the procedure in which a litigant may be ordered to furnish security, this court looks to federal law for the definition of vexatiousness, and under federal law, the criteria for declaring a litigant vexatious is much narrower.

The Ninth Circuit Court of Appeals has held that litigiousness alone is insufficient to support a finding of vexatiousness.  See Moy v. United States, 906 F.2d 467, 470 (9th Cir.1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided.  See De Long v. Hennessey, 912 F.2d 1144, 1147–48 (9th Cir. 1990) ("before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions'") (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)).  The Ninth Circuit has defined vexatious litigation as "'without reasonable or probable cause or excuse; harassing; annoying.'" Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012) (quoting Black's Law Dictionary 1701 (9th ed. 2009)).  Absent "explicit substantive findings as to the frivolousness or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order.  O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).  For these reasons, the mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.

////

Defendant argues that plaintiff's litigation history shows he "meets the statutory definition of a vexatious litigant." Plaintiff's conduct, however, has not risen to the level specified in DeLong. Defendant points to five prior cases.[1] The court takes judicial notice of each. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014). In the first two, plaintiff's complaints were dismissed without prejudice for failure to exhaust. Smith v. Becerra, et al., No. 1:08-cv-1601 GSA (E.D. Cal.) (order dated July 30, 2009); Smith v. Torres, et al., No. 2:08-cv-0506 LKK CMK (E.D. Cal.) (order dated Jan. 29, 2010). Judges in those cases did not find that plaintiff's complaints were frivolous or meritless. Numerous courts have held that a procedural dismissal such as this "does not demonstrate a malicious or vexatious intent" on the part of the plaintiff and should not count toward determining vexatiousness. See, e.g., Calihan v. Cate, No. 2:12-cv-2937-MCE-EFB P, 2015 WL 814027 (E.D. Cal. Feb. 25, 2015); Goolsby v. Gonzales, No. 1:11-cv-0394-LJO-GSA-PC, 2014 WL 2330108 (E.D. Cal. May 29, 2014); Howard v. Gradtillo, No. 1:05-cv-0906-AWI-GBC (PC), 2011 WL 4971558 (E.D. Cal. Oct. 19, 2011).

In the third case cited by defendant, Smith v. Astrue, No. 1:09-cv-0466 DLB (order dated Apr. 19, 2010), an appeal of an adverse social security determination, the court entered judgment for the defendant. A review of the docket of that proceeding shows that plaintiff was represented by counsel in that case. Under § 391, only cases in which the plaintiff proceeded in pro per count toward a vexatiousness determination. Accordingly, this case cannot be counted.

Because defendant has failed to show that three of the five cases cited meet the standard for vexatiousness, this court need not reach the question of whether the final two cases cited by defendant should be counted.[2] Nor need the court consider, at this juncture, the merits of plaintiff's complaint, which is the second part of the test to require posting security under § 391.1.

---

[1] Defendant filed a copy of each decision with his request for judicial notice at ECF No. 20-1.

[2] Defendant argues that Smith v. Dickson, No. 2:14-cv-3002 CKD should count as three adverse actions against plaintiff because plaintiff was given two opportunities to amend his original complaint and the case was finally dismissed for failure to state a claim. This court need not decide whether that case should count as one or three adverse actions because, even with inclusion of the fifth case listed by defendant, defendant would still fall short of the five cases needed to show vexatiousness.

Accordingly, the undersigned finds defendant has failed to meet his burden of showing plaintiff meets the definition of a vexatious litigant under federal law and IT IS HEREBY ORDERED that:

1. Defendant's February 8, 2016 Motion to Require Security is denied.
2. Defendant shall reply to the complaint within twenty-one days of the filed date of this order.

Dated:  September 22, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/Smit0979.vex