UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH, | No. 2:15-cv-0979 GEB DB P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER SERGENT, | |
| Defendant. | |

On October 6, 2016, defendant filed a motion for reconsideration of the magistrate judge's order filed September 23, 2016 denying defendant's motion to require plaintiff to post security before this case proceeds any further. Defendant challenges the magistrate judge's authority to decide the security motion by order rather than proposed findings and recommendations, and the correctness of the denial decision. Both parties in this case have not consented to the magistrate judge's jurisdiction to make dispositive rulings. (See ECF No. 25.)

The magistrate judge's authority is derived from 28 U.S.C. § 636 and from Local Rule 302. "The authority of a magistrate [judge] to impose any order turns first on whether the order is construed as non-dispositive or dispositive." Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (citing Fed. R. Civ. P. 72).

Defendant cites two decisions in support of his argument that the magistrate judge was required to rule on the security requirement motion by findings and recommendations. In the

1  first, the Ninth Circuit found that the magistrate judge lacked authority to enter a final judgment
2  where all parties had not consented to the magistrate judge's jurisdiction.  <u>Allen v. Meyer</u>, 755
3  F.3d 866, 868 (9th Cir. 2014).  In the second, the magistrate judge entered a stay which
4  "effectively denied [the plaintiff's] request for injunctive relief."  <u>Reynaga v. Cammisa</u>, 971 F.2d
5  414, 416 (9th Cir. 1992).  Rulings on injunctions are specifically beyond the authority of a
6  magistrate judge absent consent.  28 U.S.C. § 636(b)(1)(A).  No case law has been found directly
7  on point concerning the posting of the requested security at issue.  However, it is well settled that
8  a magistrate judge may grant a motion to proceed in forma pauperis, but "has no authority to
9  issue a dispositive order denying in forma pauperis status absent compliance with section 636(c)."
10 <u>Tripati v. Rison</u>, 847 F.2d 548, 549 (9th Cir. 1988).  "Although section 636(b)(1)(A) does not
11 specifically reference a motion to proceed in forma pauperis, . . . a denial of such a motion is
12 the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's
13 authority."  <u>Woods v. Dahlberg</u>, 894 F.2d 187 (6th Cir. 1990).

14          Since the magistrate judge denied defendant's motion to require security, the order did not
15 have a dispositive effect on these proceedings.  Therefore, the magistrate judge's order was a non-
16 dispositive decision and the standard of review applicable to defendant's motion for
17 reconsideration is as follows:  the order shall be upheld unless it is "clearly erroneous or contrary
18 to law."  Fed. R. Civ. P. 72(a); E.D. Cal. R. 303(f).  However, even assuming arguendo that the
19 magistrate judge should have ruled on defendant's motion by recommendation, and that
20 consequently a de novo standard of review applies, the result would be the same.  <u>See</u> Fed. R.
21 Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's
22 disposition that has been properly objected to.")

23          Defendant argues in his reconsideration motion that the magistrate judge addressed only
24 one of the two issues he raised in his motion.  Defendant contends he moved to have plaintiff
25 declared a vexatious litigant under two provisions of California's Vexatious Litigant Statute –
26 sections 391(b)(3) and 391(b)(1) of the California Code of Civil Procedure.  Under subsection
27 (b)(3), a litigant is vexatious if he "repeatedly files unmeritorious motions, pleadings, or other
28 papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely

intended to cause unnecessary delay." Under subsection (b)(1), a pro se litigant is vexatious if he has prosecuted or maintained at least five litigations in the last seven years that were determined adversely to him.

Defendant argues at least plaintiff should have "declared" a vexatious litigant under section 391(b)(3) because plaintiff's litigation history evinces that defendant has satisfied the threshold to require plaintiff to post security under section 391(b)(1). Section 391(b) of the California Code of Civil Procedure contains four subsections that define a "vexatious litigant." Therefore, whether a finding is made under subsection (b)(3) or (b)(1), the result, under California law, still concerns determination of whether the litigant is "vexatious." Both this court's local rule and Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007)

Local Rule 151(b) prescribes that the procedure in California's vexatious litigant law is considered when determining whether to require a party to provide security before proceeding with an action.

> **Security for Costs.** On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

E.D. Cal. R. 151(b). Title 3A, Part 2, § 391.1 of the California Code of Civil Procedure provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and

3

>that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

The Ninth Circuit has held that "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990). Before issuing such an order, a court must "make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" Id. at 1148 (quoting In re Powell, 851 F.2d 427, 441 (D.C. Cir. 1988)); see also Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) ("plaintiff's claims must not only be numerous, but also be patently without merit").  "To make such a finding, the district court needs to look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." DeLong, 912 F.2d at 1148.  Defendant has not shown that plaintiff's litigation history warrants the conclusion that a vexatious litigant order should issue.

The magistrate judge was correct in finding that plaintiff's litigation history does not meet the definition of vexatiousness. (ECF No. 28 at 2-3.) The magistrate judge applied the correct legal standards, and the magistrate judge's ruling was not clearly erroneous or contrary to law.

Therefore, upon reconsideration of the magistrate judge order filed September 23, 2016, (ECF No. 28) the order is affirmed.

Dated:  November 18, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge