UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESHONE SMITH,

Plaintiff,

v.

OFFICER SERGENT,

Defendant.

No. 2:15-cv-0979 GEB DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges excessive use of force in violation of the Eighth Amendment by defendant Sergent at Mule Creek State Prison ("MCSP"). Before the court are defendant's motion to compel plaintiff to respond to discovery and plaintiff's motion for an extension of time. For the reasons set forth below, both motions will be granted.

**MOTION TO COMPEL**

The court issued a Discovery and Scheduling Order on October 25, 2016. (ECF No. 31.) Therein, the court set a deadline of February 10, 2017 for all discovery, including the filing of motions to compel discovery, and a deadline of May 5, 2017 for the filing of other pretrial motions. On February 10, 2017, defendant filed the present motion to compel. (ECF No. 34.)

////

////

**I. Defendant's Motion**

Defendant moves to compel plaintiff to provide responses to interrogatories and to produce documents. Defendant states that on December 9, 2016, he mailed plaintiff the following discovery: (1) Request for Production of Documents, Set One; (2) Interrogatories, Set One; and (3) Request for Admissions, Set One. Plaintiff had 45 days to respond. (See Oct. 25, 2016 Order at 4.) Therefore, plaintiff's responses were due on January 26, 2017.

On January 11, 2017, defense counsel Aseil Mohmoud deposed plaintiff. (Feb. 10, 2017 Decl. of A. Mohmoud ("Mohmoud Decl."), ¶ 3.) According to Ms. Mohmoud, plaintiff told her at that time that he would send his responses to the discovery. (Id.) When defendant filed his motion on February 10, 2017, Ms. Mohmoud had not received the discovery responses. Ms. Mohmoud telephoned plaintiff that day to meet and confer about the discovery requests. (Id., ¶ 5.) Plaintiff told Ms. Mohmoud he would mail the responses as soon as possible. (Id.)

Defendant argues plaintiff should be compelled to respond to the requests for interrogatories and for production of documents under Federal Rule of Civil Procedure 37(a)(3)(B). In addition, defendant notes that under Federal Rule of Civil Procedure 36(a)(3), the request for admissions is deemed admitted.

Plaintiff did not file an opposition to defendant's motion.

**II. Legal Standards**

A party to a lawsuit is obligated to participate in the discovery process and respond to written discovery propounded on him. As the opposing party, plaintiff bears the burden of resisting discovery. See Benyamini v. Blackburn, No. 2:13-cv-00205-MCE-AC-P, 2014 WL 4795187, at *2 (E.D. Cal. Sept. 25, 2014) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Interrogatories must be answered fully, in writing, and under oath. Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a party must make a reasonable effort to respond adequately. L.H. v. Schwarzenegger, No. S–06–2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sep.21, 2007). Rule 34 provides the standards for responding to a request for production of

////

documents. It requires that for every item or category of items requested, the response must state that inspection will be permitted or that copies will be provided. Fed. R. Civ. P. 34(b)(2)(B).

A party seeking discovery may move to compel when a party-opponent "fails to answer an interrogatory submitted under Rule 33" or fails to respond that inspection will be permitted, fails to permit inspection, or fails to provide copies as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)).

**III. Discussion**

Plaintiff's complete failure to respond to defendant's discovery requests, and failure to oppose defendant's motion, means he has waived any objections to those requests and will be ordered to respond. Plaintiff is warned that he may suffer sanctions from his failure to respond to discovery and for any continued failure to respond. First, defendant has the right to move the court for an order requiring plaintiff to pay defendant the reasonable expenses incurred by defendant in making this motion to compel discovery, and any further motions related to plaintiff's failure to respond to discovery. See Fed. R. Civ. P. 37(a)(5)(A). Second, if plaintiff fails to comply with this court's order granting the motion to compel, this court may recommend dismissal of this action. See Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(b)(2)(A); E.D. Cal. R. 110.

**MOTION FOR EXTENSION OF TIME**

On February 17, 2017, plaintiff filed a document entitled "Motion for Extension of Time to Support Plaintiff Declarations or Affidavits and Facts that can Show There are Material Issues in Dispute." (ECF No. 35.) Therein, plaintiff appears to be seeking an extension of the discovery

////

////

////

cut-off to permit him to conduct further discovery. Specifically, plaintiff appears to be seeking the statements of witnesses at MCSP.[1]

While it is not clear plaintiff requires discovery to obtain witness statements, the court will provide the parties an extension of the discovery cut-off. However, plaintiff is advised that if he seeks additional time to conduct discovery, he must explain specifically what discovery he seeks to conduct, why he has been unable to conduct the discovery within the time already provided, and how much additional time he seeks.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Compel (ECF No. 34) is granted. Within twenty days of the date of this order, plaintiff shall send to defendant's counsel responses to defendant's Request for Production of Documents, Set One, and Interrogatories, Set One. Plaintiff is again warned that his failure to comply with this order may result in a recommendation that this action be dismissed.

2. Plaintiff's Motion for an Extension of Time (ECF No. 35) is granted. The October 25, 2016 Discovery and Scheduling Order is amended as follows: all discovery, including all motions to compel discovery, is due by April 10, 2017, and all other pretrial motions shall be filed by June 5, 2017. In all other respects, the October 25, 2016 Discovery and Scheduling Order remains the same.

Dated: March 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/smit0979.mtc

[1] Plaintiff is now incarcerated at Salinas Valley State Prison. (See ECF No. 10.)