UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH, | No. 2:15-cv-0979 GEB DB P |
| Plaintiff, | |
| v. | ORDER |
| SERGENT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges excessive use of force in violation of the Eighth Amendment by defendant Sergent at Mule Creek State Prison ("MCSP"). Before the court are defendant's motions to compel and for an extension of time to file a pretrial motion and plaintiff's motion for an extension of time to conduct discovery. For the reasons set forth below, defendant's motion to compel will be denied, defendant's motion for an extension of the deadline for filing pretrial motions will be granted, and plaintiff's motion for an extension of the discovery cut-off will be denied as unnecessary.

**BACKGROUND**

Plaintiff filed this action on May 6, 2015. (ECF No. 1.) He alleges that on April 24, 2015, defendant injured his wrists with handcuffs. On screening, the court found plaintiff

////

1

appeared to state a cognizable claim for relief against defendant Sergent for excessive use of force in violation of the Eighth Amendment. (ECF No. 12.)

On March 16, 2017, the court granted defendant's first motion to compel responses to discovery. (ECF No. 36.) The court ordered plaintiff to respond to defendant's Request for Production of Documents, Set One, and Interrogatories, Set One. Also at that time, the court granted plaintiff's request for extensions of the deadlines for discovery and pretrial motions. The March 16 order set a deadline of April 10, 2017 for discovery and of June 5, 2017 for pretrial motions.

## MOTION TO COMPEL

On April 7, defendant filed the current motion to compel. (ECF No. 37.) Defendant again seeks to compel responses to both sets of discovery. However, in a declaration of defendant's counsel filed here on April 24, defendant informed the court that plaintiff had submitted interrogatory responses and defendant withdrew her motion to compel those responses. Defendant's counsel stated that plaintiff's responses to the Request for Production of Documents are still deficient and she maintains the motion to compel on that basis.

The legal standards for considering a motion to compel are set out in the court's March 16 order. Generally, Rule 34 provides the standards for responding to a request for production of documents. It requires that for every item or category of items requested, the response must state that inspection will be permitted or that copies will be provided. Fed. R. Civ. P. 34(b)(2)(B). A party seeking discovery may move to compel when a party-opponent fails to respond that inspection will be permitted, fails to permit inspection, or fails to provide copies as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Defendant complains that plaintiff's response to the Request for Production of Documents simply attaches documents and does not identify which documents are responsive to which requests. Defendant's counsel determined that plaintiff provided documents that were responsive to the requests for 602 appeals and for medical records (request nos. 3 and 6), but plaintiff failed

to submit any documents, or explain that no documents are available, in response to request nos. 1, 2, 4, 5, and 7. Those requests seek the following regarding the event on April 24, 2015: (1) photographs or other documents depicting the location, objects, or persons (request no. 1); (2) all written or recorded statements (request no. 2); (3) communications between plaintiff and MCSP employees (request no. 4); (4) communications between plaintiff and any inmates (request no. 5); and (5) documents supporting plaintiff's contention that defendant used excessive force (request no. 7). (ECF No. 39 at 6-8.) The copies of documents plaintiff submitted to defendant are: (1) a statement by plaintiff that was attached to the complaint; (2) a CDCR 602 appeal and a CDCR 22 request; (3) a "Medical Report of Injury;" and (4) plaintiff's form complaint with some attachments. (Id. at 10-26.) A handwritten note on plaintiff's response to the Request for Production states "This is all the documents that's the subject of this litigation." (Id. at 5.)

Plaintiff filed a document on May 11, 2017 captioned "Plaintiff Notice to Inform the Court of these Missing Documents that the Defendants is Requesting for within this Motion." (ECF No. 40 at 2.) Despite its caption, plaintiff's filing appears to focus solely on descriptions of the April 24, 2015 incident and on plaintiff's attempts to obtain statements from correctional officers who were witnesses to this incident. Plaintiff appears to seek these statements to support a pretrial motion he intends to make. Plaintiff also appears to be seeking an extension of the discovery cut-off in order to obtain these officer statements. Plaintiff attaches copies of some documents to this May 11 filing – they include most of the documents he submitted to defendant and a copy of the transcript of plaintiff's deposition in this case.

While plaintiff did not follow the Rules of Civil Procedure and the instructions provided by stating a response to each request for production of documents, plaintiff did provide what he describes as "all the documents" that are, presumably, in his possession or control and plaintiff considers to be relevant to this case. Because the documents provided by plaintiff are not lengthy, defendant's counsel can certainly determine, as she has done, that plaintiff had no documents responsive to most of the production requests. Under the circumstances of this case, the court finds plaintiff's response adequate and will construe it as plaintiff's statement that he has no documents responsive to request numbers 1, 2, 4, 5, and 7. Plaintiff is warned that if he

has possession or control of documents that are responsive to defendant's requests and fails to provide them to defendant, he may be prevented from later using those documents in support of his case. See Fed. R. Civ. P. 37. Therefore, if plaintiff does not agree with the court's construction of his response to the document production request, he may file a request for reconsideration of this order within ten days. For these reasons, defendant's motion to compel will be denied.

## MOTIONS FOR EXTENSIONS OF TIME

As described above, in his "notice" filed May 11, plaintiff appears to seek an extension of the discovery cut-off to obtain statements from witnesses. Plaintiff is advised that collecting evidence in support of his claims is not necessarily "discovery" if he is not using the discovery rules to obtain the information. Therefore, even though the discovery cut-off has passed, plaintiff may continue to seek to obtain these witness statements by written requests, as he appears to have done. If plaintiff runs into obstacles obtaining these statements, he may ask the court for assistance. Accordingly, to the extent plaintiff is seeking an extension of the discovery cut-off, that request is denied as unnecessary.

Defendant seeks a ten-day extension of time to file pretrial motions. The current deadline for filing pretrial motions is June 5. Good cause appearing, the court will grant both parties an extension. Any pretrial motions, besides motions to compel discovery, shall be filed on or before June 15, 2017.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 37) is denied.
2. The court construes plaintiff's response to request numbers 1, 2, 4, 5, and 7 of the Request for Production of Documents as a statement that he has no responsive documents. If plaintiff disagrees with this assumption, he may file a motion for reconsideration within ten days of the date of this order.
3. Plaintiff's request for an extension of the discovery cut-off is denied as unnecessary.

////

////

4. Defendant's motion for an extension of the pretrial motion deadline (ECF No. 41) is granted. Both parties shall file any pretrial motions by June 15, 2017.

Dated: June 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/smit0979.mtc2